SAVOY, Judge.
Kenneth A. Dupuy and his wife brought this suit on their own behalf and on behalf of their minor daughter, Lynette, to recover damages for personal injuries allegedly received by Mrs. Dupuy and Lynette, and for expenses incurred by the community of acquets and gains resulting from an automobile accident on November 9, 1964, on U. S. Highway 167 between Lafayette and Maurice, Louisiana. Named as defendants in the suit were Allen Breaux, the father of Mrs. Dupuy, and his insurer, Southern Farm Bureau Casualty Insurance Company.
Defendants answered denying any liability and expressly averred in the alternative the contributory negligence of Mrs. Dupuy. A trial on the merits resulted in a judgment in favor of Mrs. Dupuy in the sum of $6,000.00, and in favor of Mr. Dupuy for community expenses necessitated by *486 maid service during the period of his wife’s disability in the sum of $150.00. The trial judge rejected any claim for damages to the minor daughter, Lynette, finding she was not injured in the accident. Defendants have appealed from the judgment contending that the trial court erred in finding the driver of the vehicle, Allen Breaux, guilty of negligence which was a proximate cause of the accident. In the alternative, defendants contend the $6,000.00 award is excessive and should be reduced to $4,500.00.
The record reveals that defendant Breaux was traveling in a northerly direction on U. S. Highway 167 about midway between Lafayette and Maurice, Louisiana, at a point where the road was straight and a two lane concrete highway. Passengers in the Breaux vehicle were his son-in-law and daughter, Mr. and Mrs. Kenneth A. Dupuy, and a grandchild. In front of the Breaux vehicle were several vehicles with one immediately preceding him being a car pulling a boat and trailer, and the next one being a green pick-up truck. When the highway became clear, the vehicle pulling the boat entered the passing lane and proceeded to pass the vehicles ahead. Mr. Breaux then guided his vehicle, a 1963 Ford Galaxie, into the passing lane in order to follow the vehicle pulling the boat and trailer in an attempt to likewise pass the other slow moving vehicles. As Breaux reached a point from one to three car lengths from the rear of the green pick-up truck, it entered the passing lane in front of him, causing him to slam on his brakes with great force, causing the car to go into a skid. After skidding some distance Breaux took to the ditch in an effort to avoid any collision; and after slidding in the ditch for some distance, the vehicle hit a culvert partially hidden, causing an abrupt stopping and the ensuing injuries.
Mr. Breaux testified he did not remember sounding the horn of his automobile as he attempted to pass, but that after he had entered the passing lane and gained momentum, he bent his head “just a flash” to see why his grandchild was crying on the front seat between him and Mrs. Dupuy when he heard Mrs. Dupuy shout “look out” at which time he looked up and saw the green pick-up truck moving into the passing lane causing him to apply his brakes very forcefully. Mrs. Dupuy, the only other witness to the accident, stated that her father had taken no evasive action to avoid hitting the green pick-up truck prior to her yelling at him to look out although she did state she thought he sounded the horn and slammed the brakes after she alerted him of the danger.
After reviewing all of the evidence in the record, we feel there was no manifest error committed by the lower court in finding the defendant guilty of negligence which proximately caused the injuries giving rise to this suit. We feel that in view of the fact that defendant Breaux never lost complete control of his vehicle and was almost successful in avoiding any serious consequences, that had he been paying strict attention to the road ahead of him as is to be required in executing any passing maneuver, the accident could have been avoided. The plea of contributory negligence on the part of Mrs. Dupuy must fail for the simple reason that she did all in her power to alert her father as to the imminent danger and had she not been this observant even more serious injuries could have resulted.
Dr. James Gilly, orthopedic surgeon, testified by deposition as to the extent of Mrs. Dupuy’s injuries. His initial examination revealed swelling and pain in the right foot and ankle and a small laceration on the bridge of her nose. He found her to be four months pregnant at the time of the injuries. The X-ray studies revealed a fracture through the neck of the right talus or astragalus (ankle bone) with the head and neck of the talus displaced upward. Mrs. Dupuy was hospitalized with her extremity elevated in a splint for some eight days at which time the splint was removed and a long leg cast was applied for some two months. At the end of this peri *487 od the long leg case was removed and a shorter cast was applied and was removed approximately one month later. Dr. Gilly’s testimony was to the effect that she still had a 25% partial permanent disability and would have problems walking on any irregular surfaces and would suffer pain should the foot be twisted inward.
 Considering the discretion placed in the trial judge as to the quantum of damages to be awarded, we cannot say that there was an abuse of the discretion granted him in this case, when we consider the nature of the injuries and the resulting permanent partial disability.
For the reasons assigned the judgment appealed from is affirmed at appellants’ costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.